**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                               **CRIMINAL ACTION NO. 2:06CR148-P**

**GUSTAVO MONTANEZ-HERNANDEZ,**                        **DEFENDANT.**

**ORDER**

This matter comes before the court upon the defendant's petition for issuance of a writ of

*audita querela* [32]. After due consideration of the petition, the court finds as follows, to-wit:

The defendant concedes that the Fifth Circuit Court of Appeals has clearly held that a writ

of *audita querela* "must be based in law, not in equity." *U.S. v. Banda*, 1 F.3d 354, 356 (5th Cir.

1993) (citing *U.S. v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991)).

The only issue at hand is whether there is a legal error that arose after this court's criminal

judgment against the defendant that should move this court to enter a writ of *audita querela*

preventing the Department of Homeland Security from deporting the defendant based on his

conviction for possessing a firearm while illegally in the United States in violation of 18 U.S.C.

§§922(g)(5) and 924(a)(2).

Having considered the defendant's arguments, the court concludes that there was no legal

error justifying such a writ. It is conceded that at the time the defendant's original counsel advised

him to plead guilty, there was no clearly established law that it was *per se* ineffective assistance of

counsel to not advise a defendant that pleading guilty risked automatic deportation. Though it is true

that the U.S. Supreme Court in *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010) ruled that "counsel

must inform her client whether his plea carries a risk of deportation," the effect of which rendered

failure to do so ineffective assistance of counsel in violation of the Sixth Amendment right to counsel, this was not the law at the time when the instant defendant was advised to plead guilty.

Alternatively, even if the Fifth Circuit were to allow a writ of *audita querula* based on equitable reasons, the court is unpersuaded by the equitable arguments set forth in his petition and supporting brief. Though he argues that "[e]xcept for this incident, he has never been arrested and has never otherwise been in trouble with the law," it is undisputed that he knowingly overstayed his visa and was therefore in the United States illegally which was the necessary predicate to violating 18 U.S.C. §§922(g)(5) and 924(a)(2).

As stated by the Fifth Circuit: "[W]hen a court vacates an otherwise final conviction because the defendant faces deportation, the court tends to usurp the power of Congress to set naturalization and deportation standards and the power of the [Immigrations and Customs Enforcement] to administer those standards...." *Reyes*, 945 F.2d at 866.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's petition for issuance of a writ of *audita querela* [32] is **DENIED**.

**SO ORDERED** this the 23rd day of February, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE